v.

State of CALIFORNIA; CA Youth
Authority, Defendants—
Appellees.

No. 02–16435.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2003.*

Decided Oct. 22, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Monroe T. Dyson, Elk Grove, CA, pro se.

Leslie Burgermyer, Attorney General's Office, Sacramento, CA, for Defendant-Appellee.

Before: BEEZER, KLEINFELD, Circuit Judges, and JONES, District Judge.**

## MEMORANDUM ***

Monroe T. Dyson appeals pro se the district court's summary judgment in favor of the State of California in Dyson's action alleging religious discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act ("FEHA"), as well as tortious discharge.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment on Dyson's religious discrimination claim. Dyson failed to raise a genuine issue of material fact as to whether his religious needs could be accommodated without creating an undue hardship of interference with the functioning of the California Youth Authority, *see Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc), or whether the proffered reasons for his termination were pretextual, *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–63 (9th Cir.2002); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.2000) (holding that

---

** The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Title VII and FEHA claims are subject to same analysis).

Summary judgment on Dyson's harassment and retaliation claims was proper. Dyson failed to allege or provide any evidence of the elements of a prima facie case of either harassment or retaliation. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966, 969 (9th Cir.2002).

Dyson's tortious discharge claim is barred by the one-year statute of limitations. *See* Cal. Civ. Pro.Code 340.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.